IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| AHMAD MOHAMMAD AJAJ | § | |
| VS. | § | CIVIL ACTION NO. 1:00-CV-302 |
| OFFICER WARD, ET AL. | § | |

MEMORANDUM OPINION AND ORDER

Plaintiff Ahmad Mohammad Ajaj, a federal prisoner previously confined in Beaumont, Texas, proceeding *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983, 1985, and 1986, and pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against Officer Sheffrey Ward, Officer Larry Frank, and Nurse Melinda Ross.[1] The defendants have filed motions to dismiss and for summary judgment. This Memorandum Opinion and Order considers the merits of those motions.

Factual Background

On May 18, 1998, while plaintiff was confined at the United States Penitentiary in Beaumont, plaintiff alleges defendant Ward ordered him to submit to a search. Plaintiff alleges defendant Ward was already searching another inmate, so plaintiff walked toward defendant Frank who was not busy. Plaintiff alleges defendant Ward told defendant Frank that he would search the plaintiff himself. Plaintiff asked a supervisor to allow defendant Frank to search him, but the supervisor denied plaintiff's request. Plaintiff again requested for defendant Frank to conduct the search, and advised the supervisor that he was unable to stand for long periods of time due to a medical condition.

---

[1] Plaintiff identified additional defendants, but the claims against the other defendants were dismissed as frivolous and for failure to state a claim upon which relief may be granted.

Plaintiff alleges the supervisor ordered defendants Frank and Ward to take plaintiff to the "hole" for refusing the search, even though plaintiff alleges he did not refuse to be searched.

Plaintiff alleges defendants Ward and Frank handcuffed him before they escorted him to the "hole," and the handcuffs were too tight on his wrists. Plaintiff alleges defendant Ward hit plaintiff with his elbow "many times" in plaintiff's lower back where plaintiff had an incision from the surgical removal of his lung. Plaintiff alleges defendant Ward grabbed the handcuffs, twisted them, and shoved plaintiff through the gate leading to the "hole." Plaintiff contends defendant Frank was present during this incident, but did not intervene on plaintiff's behalf.

Plaintiff alleges he requested to see a doctor because he was in pain from being hit in the back, but the officers on duty ignored his request. Plaintiff alleges he was not taken to the medical department until he declared a hunger strike. Plaintiff alleges the officer who escorted him to the medical department whispered something to defendant Ross. Plaintiff contends defendant Ross denied him medical treatment for the injuries to his back, and that she later fabricated medical records as part of a conspiracy to cover up the alleged assault.

Standard of Review

*Failure to State a Claim*

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a complaint if it fails to state a claim upon which relief may be granted. A complaint does not need detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible

on its face.  *Id*. at 570.  Conclusory allegations and a formulaic recitation of the elements of a cause

of action will not suffice to prevent dismissal for failure to state a claim.  *Id*. at 555.

*Summary Judgment*

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate

"if the movant shows that there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law."  FED. R. CIV. PRO. 56(a).  A fact is material if it could affect

the outcome of the case under the governing law.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248

(1986); *Instone Travel Tech Marine & Offshore v. International Shipping Partners*, 334 F.3d 423,

427 (5th Cir. 2003).  A dispute about a material fact is genuine "if the evidence is such that a

reasonable jury could return a verdict for the nonmoving party."  *Anderson*, 477 U.S. at 248; *Instone*

*Travel Tech*, 334 F.3d at 427.

Because summary judgment is a final adjudication on the merits, courts must employ the

device cautiously.  *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991); *Jackson v. Procunier,*

789 F.2d 307 (5th Cir. 1986).  In prisoner *pro se* cases, courts must be careful to "guard against

premature truncation of legitimate lawsuits merely because of unskilled presentations."  *Jackson v.*

*Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989) (*quoting Murrell v. Bennett,* 615 F.2d 306, 311 (5th Cir.

1980)).

Analysis

*Exhaustion*

Defendant Frank[2] has moved to dismiss the claims against him due to plaintiff's failure to

exhaust administrative remedies before he filed this action. Title 42 U.S.C. § 1997e(a) requires

prisoners to exhaust administrative remedies before filing a civil rights action. *Johnson v. Johnson*,

385 F.3d 503, 515 (5th Cir. 2004). The statute provides, "No action shall be brought with respect

to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined

in any jail, prison, or other correctional facility until such administrative remedies as are available

are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and is

intended to give correctional officials an opportunity to address complaints internally before

initiation of a federal suit. *See Porter v. Nussle*, 534 U.S. 516, 525 (2002).

Federal courts may not excuse a prisoner's failure to exhaust available administrative

remedies, regardless of the circumstances. *Ross v. Blake*, _ U.S. _ , 136 S. Ct. 1850, 1856 (2016).

The exhaustion requirement applies to all inmate suits concerning prison life, whether they involve

general circumstances or particular episodes. *Porter*, 534 U.S. at 532. Prisoners must exhaust

administrative remedies before filing a lawsuit regardless of the type of relief prayed for in the

complaint. *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The Federal Bureau of Prisons (BOP), which administers the prison where plaintiff was

incarcerated, has a four-step process for resolving most complaints by prisoners. Initially, a prisoner

must attempt to informally resolve the complaint with staff. 28 C.F.R. § 542.13(a). If informal

---

[2]     The motion to dismiss or for summary judgment due to plaintiff's failure to exhaust administrative
remedies was filed by Larry Frank. Although Sheffrey Ward did not join in the motion, it inures to his benefit as well.
*Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001).

attempts are unsuccessful, the prisoner must submit a written complaint to the warden on a prescribed form. 28 C.F.R. § 542.14. Ordinarily, the written complaint must be filed within twenty calendar days following the date the incident occurred. *Id.* However, an extension of time may be allowed if the prisoner demonstrates a valid reason for the delay, such as an extended period spent in-transit, the prisoner was physically incapable of preparing the complaint, or delays caused by members of the prison staff. *Id.* If the prisoner is not satisfied with the warden's response, he may appeal to the Regional Director within twenty days unless an extension is granted. 28 C.F.R. § 542.15. If still unsatisfied, the prisoner may appeal to the Office of General Counsel within thirty days, although the time limit may be extended if the prisoner demonstrates a valid reason for the delay. *Id*.

Under certain circumstances, an inmate may file an administrative remedy request directly with the Regional Director. If an inmate reasonably believes the issue is sensitive and the inmate's well-being would be in danger if the request was filed at the institution level, the inmate may file a sensitive request with the Regional Director. 28 C.F.R. § 542.14(d)(1). The Regional Director must determine if the complaint qualifies as sensitive. *Id*. If the request is not sensitive, it is returned to the inmate to resubmit at the institution level for the warden to review. *Id*.

On May 20, 1998, plaintiff attempted to bypass the normal procedure by filing a "sensitive" administrative remedy request alleging he was harassed by defendants Frank and Ward and assaulted by defendant Ward. (Defendant Frank's Motion for Summary Judgment, Attachment 7.) The Regional Director determined that the request did not qualify as a sensitive request, and it was rejected on May 26, 1998. (Frank MSJ, Attachments 6 and 8.) The administrative remedy records

reflect that plaintiff did not refile the request at the institution level with the warden. (Frank MSJ, Attachment 6.)

Plaintiff contends that he was not required to file a request with the warden after his sensitive request was rejected by the Regional Director because an investigation had been opened. In order to exhaust administrative remedies, a prisoner must comply with applicable deadlines and procedural rules established by the prison system. *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). In this case, BOP regulations require inmates to start at the institution level if a sensitive request is rejected. There is no exception to the exhaustion requirement where a sensitive request was rejected, but an investigation was opened.

Plaintiff also contends that he completed the regular administrative remedy process by filing request number 164780-FI about his medical claims and the use of force. In support of this assertion, plaintiff submitted a receipt of administrative remedy, dated August 4, 1998. (Plaintiff's Response to Defendant Frank's Motion for Summary Judgment, Exhibit 5.) The receipt indicates that plaintiff filed a request with the administrative remedy coordinator, which would be the second step of the administrative remedy procedure, regarding an assault by staff and regarding medical records on July 29, 1998.

Due to delays of plaintiff's own making, most of the administrative remedy records related to this case were destroyed pursuant to the BOP's retention policy before the defendants were served with process. Among the surviving records is the documentation of plaintiff's attempt to informally resolve his grievance, which is the first step of the procedure. (Defendant Ross's Motion for Summary Judgment, Exhibit A at 8.) In the document, plaintiff complained that he had received and reviewed his medical records and concluded that they were fabricated after he was attacked by

6

defendant Ward on May 18, 1998. Plaintiff complained that the alleged fabrication violated federal law. As relief, plaintiff requested that the Attorney General be notified of the violation and that the records be deemed falsified and stricken from his medical records. Plaintiff did not complain about the alleged assault itself, or request any relief relative to the alleged assault.

Next, the record contains the warden's response to plaintiff's complaint at the second step of the administrative remedy process. (Ross MSJ, Exhibit A at 9.) The warden summarized the complaint as "regarding [plaintiff's] statement that the injury report dated May 19, 1998, was fabricated and the facts were covered up. For relief [plaintiff is] requesting accurate documentation." *Id*. The warden found that there was no indication the medical records were fabricated and that the medical treatment plaintiff received was consistent with community standards.

Finally, the record contains a computer printout from the SENTRY Administrative Remedy Generalized Retrieval Sanitized Format (Frank MSJ, Attachment 6 at 2) The printout reflects that plaintiff completed the administrative remedy process with respect to request number 164780-FI concerning his claim that medical records were falsified.

Because exhaustion is a threshold issue, the district court may resolve factual disputes concerning exhaustion without a jury. *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010). Although plaintiff states that he exhausted remedies with respect to his claims that defendants Ward and Frank harassed and threatened him, and that defendant Ward assaulted him and defendant Frank did not intervene, the only evidence supporting that contention is a receipt of an administrative remedy request at the second step. The document plaintiff submitted at the first step does not concern the alleged threats, harassment, and assault. The warden's response to the second step request is consistent with the facts alleged by plaintiff in his first step attempt at informal resolution,

7

and it does not concern threats, harassment, or an assault. Therefore, the court finds from the available evidence that plaintiff exhausted his complaint that his medical records were falsified, but did not exhaust his claims that defendants Ward and Frank threatened, harassed, assaulted, and failed to protect him. Because plaintiff failed to exhaust administrative remedies with respect to the claims against defendants Ward and Frank before filing this action, the defendants are entitled to summary judgment.

*Denial of Medical Treatment*

Plaintiff alleges that defendant Ross denied him treatment when he was brought to the medical department after defendant Ward allegedly elbowed him in the back several times. Although the Eighth Amendment does not explicitly mandate a certain level of medical care for prisoners, the cruel and unusual punishment clause has been interpreted to impose a duty on prison officials to provide inmates with adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999). A prison official's deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment, whether the indifference is manifested by prison doctors or by prison guards. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976); *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 754 (5th Cir. 2001).

An Eighth Amendment claim consists of two components--one objective and one subjective. *Farmer*, 511 U.S. at 839. To satisfy the objective requirement, the plaintiff must prove that he was exposed to a substantial risk of serious harm. *Id.* at 834; *Lawson v. Dallas County*, 286 F.3d 257, 262 (5th Cir. 2002). The plaintiff must also demonstrate that the defendant was deliberately indifferent to that risk. *See Farmer*, 511 U.S. at 834; *Lawson*, 286 F.3d at 262. The deliberate

indifference standard is a subjective inquiry; the plaintiff must establish that the defendant was aware of an excessive risk to plaintiff's health or safety, and yet consciously disregarded the risk. *Farmer*, 511 U.S. at 840-41; *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002); *Stewart*, 174 F.3d at 534.

Under exceptional circumstances, the defendant's knowledge of a substantial risk of harm may be inferred by the obviousness of the risk. *Farmer*, 511 U.S. at 842; *Harris v. Hegman*, 198 F.3d 153, 159 (5th Cir. 1999); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994). Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995).

Mere negligence, neglect, or medical malpractice does not rise to the level of a constitutional violation. *Domino*, 239 F.3d at 756 ("It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference."); *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999) ("[A]llegations of malpractice or negligence will never state a claim under the Eighth Amendment."); *Stewart*, 174 F.3d at 534. Nor does an inmate's disagreement with his medical treatment amount to an Eighth Amendment violation. *Stewart*, 174 F.3d at 537; *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). "Rather, the plaintiff must show that the officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino*, 239 F.3d at 756 (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Defendant Ross contends that she examined plaintiff in the medical clinic at 12:45 a.m. on May 19, 1998. Defendant Ross contends she examined the areas where the plaintiff said he was injured and took his vital signs. Plaintiff disputes defendant Ross's version of the facts, and

9

contends that she did not perform a complete physical examination. Plaintiff alleges defendant Ross did not ask plaintiff to remove his jumpsuit so she could visually examine his back, she did not examine his wrists, and she denied him treatment for his injuries. Plaintiff alleges the medical records submitted as exhibits to the defendant's motion for summary judgment were falsified by defendant Ross after the BOP opened an investigation into the alleged assault.

For purposes of a summary judgment motion, the court must view the facts in the light most favorable to the non-moving party, the plaintiff in this case. Plaintiff does not dispute the defendant's assertions that she took his vital signs and that she palpated the areas plaintiff claimed were injured and found they were not tender to the touch. Plaintiff asserts that defendant Ross did not visually assess the injuries on his back. However, there is no evidence in the record that defendant Ross was aware that being elbowed in the back several times posed a risk of serious harm to the plaintiff, or that defendant Ross consciously disregarded an excessive risk to plaintiff's health. Accepting plaintiff's allegations as true, plaintiff has not demonstrated that defendant Ross was deliberately indifferent to his serious medical needs.

*Conspiracy*

Plaintiff contends defendant Ross conspired with a correctional officer to falsify plaintiff's medical records, in violation of 42 U.S.C. § 1985(3). To state a claim under § 1985(3), plaintiff must allege: (1) a conspiracy that involves two or more people; (2) for the purpose of depriving equal protection of the laws to a person or class of people; and (3) an act in furtherance of the conspiracy; (4) which causes injury or the deprivation of a right. *Hilliard v. Ferguson*, 30 F.3d 649, 652-53 (5th Cir. 1994). The plaintiff must show that the conspiracy was motivated by race. *Id*. at 653. Conclusory accusations of conspiracy do not state a constitutional claim, unless the plaintiff

supports his allegations with material facts. *Babb v. Dorman*, 33 F.3d 472, 476 (5th Cir. 1994); *Dayse v. Schuldt*, 894 F.2d 170, 173 (5th Cir. 1990).

In this case, plaintiff bases his conspiracy claim on a whispered conversation. Plaintiff does not know the content of the conversation. He offers only his subjective belief that the correctional officer and defendant Ross must have discussed falsifying the medical records to cover up the alleged assault. Further, plaintiff has not demonstrated that the alleged conspiracy was motivated by race. Rather, plaintiff alleges the object of the conspiracy was to cover up an assault by staff members on an inmate. Because plaintiff fails to support his conclusory allegations of conspiracy with any material facts, the conspiracy claim should be dismissed. *See Longoria v. Texas*, 473 F.3d 586, 593 (5th Cir. 2006) (disregarding conspiracy claim because plaintiff offered no evidence in support of his conclusory allegation).

Plaintiff also alleges defendant Ross neglected to prevent a conspiracy, in violation of 42 U.S.C. § 1986. The statute provides:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured. . . .

42 U.S.C. § 1986. The existence of a conspiracy under § 1985 is an element of a claim under § 1986. *Bradt v. Smith*, 634 F.2d 796, 801 (5th Cir. 1981). Because plaintiff has not stated a claim under § 1985, he also fails to state a claim under § 1986.

## Conclusion

Plaintiff did not properly exhaust administrative remedies by following the established procedures with respect to the claims against defendant Frank and Ward. Therefore, it is

**ORDERED** that defendant Frank's motion to dismiss or for summary judgment (document no. 197) is **GRANTED**, and the claims against defendants Frank and Ward will be dismissed. The motion for summary judgment (document no. 60) and the amended motion for summary judgment (document no. 126) filed by defendant Ross are **GRANTED**, and the claims against her will be dismissed. A final judgment will be entered in accordance with this Memorandum Opinion and Order.

So **ORDERED** and **SIGNED** this **28** day of **September, 2016.**

_____
Ron Clark, United States District Judge